

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-94,322-01

### EX PARTE TUAN TRUNG TA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1282590-A IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.

### O R D E R

Applicant entered an open guilty plea to murder and was sentenced to forty years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary due the ineffective assistance of his trial attorneys. Specifically, Applicant claims that his attorneys failed to research the law and facts necessary to present a self-defense or a defense-of-a-third person claim, as well as a mitigation case at punishment centered on sudden passion. Applicant also claims that his attorneys prevented him from testifying during the punishment hearing against his express wishes.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985)*; Johnson v. State*, 169 S.W.3d 223 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order Applicant trial attorneys to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performances were deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performances. The trial court shall make specific findings as to (1) whether counsel incorrectly advised Applicant that he would have to plead guilty in order to make a sudden passion mitigation claim at punishment, and if so, how that advice impacted Applicant's decision to plead guilty; (2) whether counsel presented a sudden passion mitigation claim at punishment, including whether counsel filed a sentencing memorandum arguing for a sudden passion finding under seal in the trial court; and (3) whether Applicant's belief that he would testify at punishment impacted his decision to plead guilty. The trial court shall also make specific findings as to whether trial counsel appropriately advised Applicant about his right to testify on his own behalf, whether counsel prevented him from testifying against his wishes, and if so, whether Applicant was harmed. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 14, 2022
Do not publish